UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LOUIS S. KRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No.:  3:25-CV-433-TAV-JEM |
| | ) |
| ERIC BAKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On September 9, 2025, plaintiff filed his complaint [Doc. 1]. However, no summonses were issued because no summonses were received when plaintiff filed this action. On February 11, 2026, the Court ordered plaintiff to "provide evidence that defendants have received service of process in compliance with Rule 4 of the Federal Rules of Civil Procedure within **seven (7) days of the entry of this Order** or otherwise show good case as to why service has not been made" [Doc. 6, p. 1 (emphasis in original)]. The Court cautioned plaintiff that "failure to timely comply with this Order may result in dismissal of this action without further notice" [*Id*. at 1–2 (citing Fed. R. Civ. P. 4(m), 41(b))]. More than seven days have passed, and plaintiff has failed to respond to the Court's show-cause order or otherwise take any action in this case.

"District courts are empowered to dismiss actions when a litigant fails to comply with a court order, or fails to prosecute a case." *Fuller v. Gerth*, 468 F. App'x 587, 588 (6th Cir. 2012) (citations omitted) (affirming district court's dismissal of the plaintiff's complaint due to his failure to comply with the court's order); *accord Rogers v. City of*

*Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). When assessing whether to dismiss a case under Federal Rule of Civil Procedure 41(b), a court considers the following:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal]."

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

In applying these factors to the present case, the Court finds that plaintiff's failure to respond and comply with the Court's Order [Doc. 6] is due to willfulness, bad faith, or fault; that plaintiff was warned that failure to respond would lead to dismissal; and that the Court considered less drastic sanctions but found that they would be ineffective under the circumstances. *Id.*; *see Alexander v. Washington Cnty.*, No. 2:24-CV-224, 2025 WL 1489536, at *1 (E.D. Tenn. May 23, 2025) (stating that, given the circumstances, a failure to dismiss the case under Rule 41(b) "would permit it to simply languish on the docket"). Accordingly, the Court **DISMISSES** this case pursuant to Rule 41(b) for failure to follow the Court's Order [Doc. 6]. *Fuller*, 468 F. App'x at 588. An appropriate order shall enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE